**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

NEVA J. WEBB,

  Defendant-Appellant.

No. 04-7033

(D.C. No. 02-CR-51-W)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE** and **HARTZ**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  Defendant Neva Webb, a federal prisoner appearing pro se, seeks to appeal the district court's denial of her petition for habeas relief. Because the district court granted Webb leave to amend her habeas petition and has not ruled on the amended petition, we

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismiss the appeal for lack of appellate jurisdiction.

I.

In June 2002, Webb and two other individuals were charged in a five-count drug indictment. Webb subsequently entered into a plea agreement with the government, whereby she agreed to plead guilty to conspiracy to manufacture methamphetamine in exchange for the government's agreement to dismiss the remaining charges. The district court imposed a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because it found that a dangerous weapon (a firearm) was possessed in connection with the conspiracy offense. Webb was sentenced to a term of imprisonment of 51 months, followed by 3 years of supervised release.

On September 29, 2003, Webb filed a pro se habeas "motion for habeas corpus" (petition) with the district court, complaining the § 2D1.1(b)(1) enhancement rendered her ineligible to participate in a Bureau of Prisons' residential drug treatment program. She asked that the enhancement "be omitted from [her] sentencing record" and her presentence report. ROA I, Doc. 79. The district court denied the petition by written order on October 22, 2003.

On October 24, 2003, Webb filed a pro se "Motion to Request a Limited Amendment" to her previously filed habeas petition.[1] In the motion, Webb asserted

_____

[1] According to the record, this document was prepared and mailed by Webb on October 21, 2003, approximately one day prior to the district court's denial of her initial habeas petition.

2

additional reasons why she should be granted habeas relief: (1) the plea agreement did not prevent her from alleging ineffective assistance of counsel; (2) at the time of sentencing it was stated that she was to receive drug treatment provided by the Bureau of Prisons; (3) she did not understand at the time of her plea that the firearm could be considered as a sentencing factor; and (4) her counsel was ineffective.

On November 5, 2003, the district court issued a minute order denying in part and granting in part Webb's motion to amend. To the extent Webb's motion sought reconsideration of the district court's order of October 22, 2003, the district court denied the motion. To the extent it asserted an ineffective assistance of counsel claim, the district court granted the motion and directed Webb to file an amended petition to vacate her sentence by December 5, 2003.

On November 6, 2003 (apparently prior to receiving the district court's order granting her leave to amend), Webb filed applications for a certificate of appealability (COA) and to proceed on appeal in forma pauperis. Webb's motions concerned the district court's written order of October 22, 2003. On November 12, 2003, the district court issued minute orders granting Webb's motion to proceed in forma pauperis and denying her request for a COA.

## II.

Generally speaking, two statutes, 28 U.S.C. §§ 1291 and 2253, provide us with jurisdiction over appeals from denials of requests for habeas relief. Both require a "final"

3

order or decision from the district court.  See 28 U.S.C. § 1291 ("The courts of appeals

. . . shall have jurisdiction of appeals from all final decisions of the district courts of the

United States."); 28 U.S.C. § 2253(a) ("In a habeas corpus proceeding or a proceeding

under section 2255 before a district judge, the final order shall be subject to review, on

appeal, by the court of appeals for the circuit in which the proceeding is held.").

Here, there has been no final order or decision by the district court on Webb's

habeas petition.  As outlined, the district court denied Webb's initial habeas petition, but

subsequently granted her leave to amend her petition to incorporate allegations of

ineffective of assistance of counsel.  To date, no decision has been rendered by the district

court on the merits of Webb's amended habeas petition.  Thus, in the absence of a final

appealable order, we are without appellate jurisdiction.[2]

The appeal is DISMISSED for lack of jurisdiction.  The government's motion to

dismiss the appeal for failure to obtain the required COA is DENIED as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Once a final decision has been rendered by the district court on Webb's amended
habeas petition, Webb can properly appeal the district court's rulings on each issue raised
in her original and amended petitions.